**THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| Lee C. Keebler, | ) | Case No.: 21-03589 |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **June 28, 2021** at **1:00 p.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Timothy A. Barnes, and shall then present the attached **Trustee's Objection to Debtor's Exemption**, a copy of which is attached hereto and hereby served upon you.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following: To appear by video, use this link: https://www.zoomgov.com. Then enter the meeting ID. To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID. Meeting ID and password. The meeting ID for this hearing is 161 329 5276– Passcode: 433658. The meeting ID and further information can also be found on Judge Barnes's web page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: June 11, 2021

Respectfully submitted,

MICHAEL DESMOND, not individually but as Chapter 7 Trustee of the bankruptcy estate of Lee C. Keebler

By:    */s/ Justin M. Herzog*
      One of his Attorneys

Michael K. Desmond (#6208809)
Justin M. Herzog (#6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
Tel: (312) 251-4600
Fax: (312) 251-4610

## CERTIFICATE OF SERVICE

I, Justin M. Herzog, an attorney, hereby certify that on June 11, 2021 a true and correct copy of the foregoing **Trustee's Objection to Debtor's Exemption** was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, copies will be served upon the parties on the attached service list via first-class United States mail, postage prepaid.

*/s/ Justin M. Herzog*

**Mailing Information for Case 21-03589**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael K Desmond**    mkd.trustee@fslegal.com, IL23@ecfcbis.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **David P. Lloyd**    courtdocs@davidlloydlaw.com

**Manual Notice List**

Lee C. Keebler
7800 McVicker Ave.
Burbank, IL 60459
(*Debtors*)

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| Lee C. Keebler, | ) | Case No.: 21-03589 |
| | ) | |
| Debtors. | ) | |
| | ) | Hon. Timothy A. Barnes |

## TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION

Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Lee C. Keebler ("Trustee"), files this objection pursuant to 11 U.S.C. §522(l) and Federal Rule of Bankruptcy Procedure 4003(b), to the exemption claimed by the debtor Lee C. Keebler ("Debtor"). In support thereof, the Trustee states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. Consideration of the motion is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A) and (O).

## BACKGROUND FACTS

4. On March 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate (the "Estate").

5. Michael K. Desmond was appointed Chapter 7 trustee ("Trustee") of the Estate on the Petition Date.

6. The initial meeting of creditors pursuant to Section 341 of the Bankruptcy code was originally set for April 14, 2021.

## THE PROPERTY

7. The Debtors' bankruptcy schedules listed an exemption in property located at 7800 McVicker Avenue, Burbank, IL 60459 (the "Property") pursuant to 735 Ill. Comp. Stat. Ann. 5/12-112. Schedule A/B attached hereto as Exhibit A.

8. At the initial meeting the Debtor testified that his own interest in the Property was transferred within one year to tenancy by the entirety, and the Debtor's schedules listed the value of the Property as $85,000.00. The Trustee continued the meeting of creditors' and concluded the meeting on May 12, 2021.

## BASIS FOR RELIEF REQUESTED

9. 735 Ill. Comp. Stat. Ann. 5/12-112 allows for a complete exemption in property held by tenancy by the entirety. However, "if the property was transferred into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer beyond the transferor's ability to pay those debts as they become due," such transfer can be avoided.

10. The Property was transferred by the Debtor to tenancy by the entirety within one year of the Petition Date.

11. On information and belief, the Trustee believes that the Debtor was unable to pay his debts at the time of transfer of the Property and thus the exemption claimed by the Debtor is invalid.

12. The Trustee believes the Property may have substantial equity and any proceeds therefrom are property of the Estate pursuant to Section 541(a) of the Bankruptcy Code to be administered by the Trustee for the benefit of creditors of the Estate.

13. After investigation, the Trustee believes that the value of the Property was inconsistent with its' current market value and that there is likely significant equity in the property. The Trustee also believes that the intent behind the transfer was to avoid collection efforts by the Debtor's creditors. *Wood v. Meredith (In re Meredith)*, Bankr. LEXIS 2234 (Bankr. C.D. Ill. May 18, 2012).

14. Based on the above, the exemption claimed by the Debtor is invalid under Illinois law as the Property was transferred with the sole intent of avoidance of collection efforts by Debtor's creditors.

WHEREFORE, Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Lee C. Keebler, respectfully requests the entry of an order denying the exemption claimed by the Debtor and granting such other relief as this Court deems just and proper.

Dated: June 11, 2021

Respectfully Submitted,

**MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Lee C. Keebler,**

By:    /s/ *Justin M. Herzog*
      One of His Attorneys

Michael K. Desmond (IL 6208809)
Justin M. Herzog (IL 6324047)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600